IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS VAZQUEZ AND LIGIA HERNANDEZ,<br><br>Defendants. | Case No.:   24-1160 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The United States of America ("United States") alleges as follows:

**NATURE OF THE ACTION**

1. The United States brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("Fair Housing Act"), 42 U.S.C. §§ 3601-3631. This action is brought on behalf of Complainant Scott W. Schaaf, pursuant to 42 U.S.C. § 3612(o), against Carlos Vazquez and Ligia Hernandez because they engaged in unlawful discrimination based on disability.

**JURISDICTION AND VENUE**

2. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, and 42 U.S.C. § 3612(o).

3. Venue is proper under 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred in this District.

1

## RELEVANT PARTIES AND THE SUBJECT PROPERTY

4. Defendant Carlos Vazquez ("Vazquez") owned and rented the apartment located at 364 C. San Jorge, Unit 2H, San Juan, Puerto Rico (the "Subject Property"), at all relevant times. The Subject Property is in Condominium Las Carmelitas, a condominium complex. The complex is managed by a Homeowners Association ("HOA") that contracts with PROA Properties Administration Group, Inc. ("Condominium Management"), a private company, to provide property management services. Each unit at the Subject Property is individually owned.

5. Defendant Ligia Hernandez ("Hernandez") is a real estate agent and was hired by Vazquez to rent out the Subject Property. Hernandez was at all relevant times acting as an agent for Vazquez and had actual or apparent authority from Vazquez to lease, rent, and manage the Subject Property. Vazquez is vicariously liable for Hernandez's discriminatory conduct.

6. The Subject Property is a "dwelling" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).

7. Section 3604 of the Fair Housing Act applies to the Subject Property because Vazquez used the rental services of a real estate broker, agent, or salesperson. 42 U.S.C. § 3603(b)(1).

8. Complainant Scott W. Schaff ("Schaaf") resided at the Subject Property as a tenant of Vazquez with his wife, Yeidy Estefany Montero ("Montero"), and minor daughter.

9. Schaff is an aggrieved person under 42 U.S.C. § 3602(i)(1).

## FACTUAL ALLEGATIONS

10. Schaaf is a person with a disability[1] within the meaning of 42 U.S.C. § 3602(h). He has, and on or around ten years ago was diagnosed with, anxiety disorder and insomnia, among other disabilities, which have substantially limited several of his major life activities, including breathing, sleeping, and working.

11. On December 10, 2019, Vazquez hired Hernandez as his real estate agent to provide real estate services, including marketing and leasing the Subject Property.

12. On or about February 2020, Schaaf contacted Hernandez to express his interest in renting the Subject Property after finding the Subject Property in an advertisement on the internet. Schaaf scheduled a tour of the Subject Property with Hernandez. After Hernandez showed Schaaf the Subject Property, Schaaf sent the required paperwork, including bank statements, credit reports, and identification documents to Hernandez. Hernandez facilitated the signing of the lease and arranged for Schaaf to access the Subject Property after the lease was signed.

13. Schaaf and Montero signed a one-year lease agreement with Vazquez on February 27, 2020, to rent the Subject Property effective March 1, 2020. On March 1, 2020, Schaaf and Montero moved into the subject property with their minor daughter.

14. On or about November 16, 2020, Schaaf mailed Vazquez a letter notifying Vazquez that he would like to renew his lease for another year. Paragraph 3 of Schaaf's lease

---

[1] The Fair Housing Act uses the term "handicap," or "handicapped," which are considered antiquated terms. This Complaint uses the terms "disability" or "disabled," instead. Those terms have the same meaning as the term "handicap" or "handicapped," as defined in the Fair Housing Act.

agreement required that he provide Vazquez with 60 days' notice to renew his lease before the expiration of his lease agreement on February 28, 2021.

15. In January 2021, Schaaf installed low decibel air conditioning units in the windows of the Subject Property. Schaaf made a request to Condominium Management that it permit him to install these different air conditioning units at the Subject Property as a reasonable accommodation, in part, because of his mental health disability.

16. On January 22, 2021, Schaaf texted Hernandez on WhatsApp – a messaging application – to inform her that he was told by Condominium Management that he must remove the low decibel air conditioning units from the windows of the Subject Property and reinstall the air conditioning units in the walls of the Subject Property to comply with condominium rules. Schaaf asked Hernandez for the contact information for the technician who had previously worked on a problem with the air conditioners at the Subject Property to help him with the reinstallation of the low decibel air conditioning units. Hernandez responded, in part, by providing Schaaf with the contact information for the technician.

17. A few days later, on January 25, 2021, Hernandez texted Schaaf on WhatsApp that she "talked to Carlos [Vazquez] and he will only renew [the] lease for six additional months after [the] expiration date of this lease, he [Vazquez] has other plans with his condo, we will send an addendum to lease by email soon." Hernandez also asked if the air conditioning situation was resolved. This was the first response Schaff received to the request he sent to Vazquez in November 2020 to extend the lease.

18. Schaaf responded the same day via text to Hernandez on WhatsApp and explained that he had a disagreement with Condominium Management about the low decibel air conditioning units. Schaaf explained his disagreement with Condominium Management was

4

about whether the low decibel air conditioning units were allowed to be installed in the windows of the Subject Property according to the condominium rules. Schaaf texted that it was "extremely unprofessional what [Condominium Management] said to me after I informed them of a disability I have and its illigal [sic] under the fair housing act to not allow me to make [a] reasonable accommodation at my expense." Schaaf also shared a photo of the first page of the "Joint Statement of The Department of Housing and Urban Development and the Department of Justice" on reasonable modifications under the Fair Housing Act.

19. Immediately after receiving that text message, Hernandez sent Schaaf the following voice memo:

> Scott first time I heard that you have a disability. This was not contemplated when we you [sic] leased the apartment so we had no knowledge at all. Here in Puerto Rico these laws I don't know if they are applicable or not. I don't know what the air conditioning unit situation has to do with a disability you have that I don't know where it is but anyway we're trying to help Carlos and avoid a fine that they're trying to give him because of a bad installation so anyway Carlos just told me that he's going to send a letter and he would not renew the lease so you have 60 days to vacate [the] premises.

20. Hernandez sent Schaaf another voice memo on WhatsApp stating that "this is a private property. This is not a federal property so its privately owned I don't know [what] you're sending has to do with the installation of an air unit."

21. Schaaf sent Hernandez a voice memo that informed her that the Fair Housing Act applies to private properties in Puerto Rico.

22. The same day, on January 25, 2021, Hernandez forwarded her conversation with Schaaf on WhatsApp to Vazquez.

23. On January 26, 2021, Vazquez sent Schaaf a letter that Schaaf's lease would be expiring on February 28, 2021, and that he was not "interested" in renewing the lease as he had "other plans" with the Subject Property. He requested that Schaaf deliver the keys and

parking garage remote to Hernandez and coordinate an inspection of the Subject Property with her.

24. On January 27, 2021, Schaaf informed Hernandez by text message on WhatsApp that the low decibel air conditioning units in the windows had been removed. Hernandez forwarded the message to Vazquez.

25. On February 23 and 24, 2021, Hernandez emailed Schaaf asking about what date and time Schaaf and his family would vacate the Subject Property.

26. On February 24, 2021, Vazquez emailed Schaaf asking that he confirm the date and time for a walk through of the Subject Property.

27. On March 8, 2021, an attorney for Vazquez sent Schaaf a letter explaining that she represented Vazquez in the "termination and eviction" of his lease agreement. She stated that his lease expired on February 28, 2021, and requested that he vacate the Subject Property by March 15, 2021.

28. On or around March 10, 2021, Hernandez saw Schaaf in the elevator of the building and told Schaaf to vacate the Subject Property by March 15, 2021. Schaaf told her that all he wanted was a reasonable accommodation and that he would not vacate the Subject Property. Hernandez refused to engage with Schaaf and told him that he had to vacate the Subject Property by March 15, 2021.

29. A few days later, on March 15, 2021, Hernandez and Vazquez's attorney visited the Subject Property and knocked on the door several times, asking for Schaaf and Montero. Schaaf and Montero did not open the door.

30. On March 20, 2021, Vazquez emailed Schaaf requesting that he vacate by March 31, 2021.

6

31. On April 8, 2021, Schaaf filed a complaint of housing discrimination against Defendants with HUD. Defendants paused their efforts to get Schaaf and his family to vacate the unit. Schaaf continued to occupy the unit and pay monthly rent to Hernandez.

32. On June 15, 2022, Vazquez sent Schaaf an eviction notice requesting that he vacate by August 14, 2022.

33. On August 2, 2022, Vazquez's attorney sent a letter to Schaaf notifying him that Vazquez would initiate eviction proceedings if he did not vacate by August 14, 2022.

34. On August 30, 2022, Montero was served with a summons and citation for eviction from the Subject Property.

35. On or about September 2022, Schaaf and his family vacated the Subject Property.

## HUD ADMINISTRATIVE PROCESS

36. On or about April 8, 2021, Schaaf filed a timely complaint of housing discrimination with HUD, pursuant to 42 U.S.C. § 3610(a), alleging discrimination based on disability.

37. Pursuant to 42 U.S.C. § 3610, the Secretary of HUD conducted and completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

38. Based on the information gathered in the investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g)(1), determined that reasonable cause existed to believe that Vazquez and Hernandez violated the Fair Housing Act.

39. Accordingly, on September 21, 2023, the Secretary issued a Charge of Discrimination under 42 U.S.C. § 3610(g)(2)(A).

40. On October 6, 2023, Vazquez elected to have the charge resolved in a federal civil action under 42 U.S.C. § 3612(a).  On October 10, 2023, an Administrative Law Judge

dismissed the administrative proceeding from the docket pursuant to Complainant's timely election.

41. The Secretary of HUD subsequently authorized the Attorney General to file this action on behalf of Complainant under 42 U.S.C. § 3612(o).

42. Beginning on October 31, 2023, the United States and Defendants have agreed to toll the expiration of the statute of limitations in this action up to and including February 1, 2024.

## CLAIM FOR RELIEF

43. The United States re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 42, above.

44. Through the conduct described above, Defendants have:

   a. Made, printed, or published, or caused to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on disability, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c);

   b. Discriminated in the rental of, or otherwise made unavailable or denied, a dwelling to Complainant because of his disability, in violation of 42 U.S.C. § 3604(f)(1)(A); and

   c. Coerced, intimidated, threatened, or interfered with a person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or

enjoyment of, a right granted or protected by 42 U.S.C. § 3604, in violation of 42 U.S.C. § 3617.

45. Complainant is an "aggrieved person" within the meaning of 42 U.S.C. § 3602(i).

46. The discriminatory actions of Defendants were intentional, willful, and taken in reckless disregard of the rights of Complainant.

## PRAYER FOR RELIEF

WHEREFORE, the United States requests that this Court:

1. Declare that Defendants' discriminatory conduct, as described above, violates the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq*;

2. Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them, from:

    a. Making statements with respect to the rental of a dwelling that indicate a preference, limitation, or discrimination based on disability;

    b. Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability;

    c. Coercing, intimidating, threatening, or interfering with a person in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged any other person in the exercise or enjoyment of, the rights granted or protected by the Fair Housing Act;

    d. Failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Scott W. Schaaf to the position he would have been in but for the discriminatory conduct; and

  e. Failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future in violation of the Fair Housing Act; and

 3. An award of monetary damages to Complainant pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1).

The United States further requests such additional relief as the interests of justice may require.

Dated: April 3, 2024.

Respectfully submitted,

MERRICK GARLAND
Attorney General

W. STEPHEN MULDROW
United States Attorney
District of Puerto Rico

KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

CARRIE PAGNUCCO
Chief

s/ *David O. Martorani-Dale*
DAVID O. MARTORANI-DALE
Assistant United States Attorney
District of Puerto Rico
U.S.D.C. - P.R. 226004
Torre Chardon, Suite 1201
350 Carlos Chardon Street
San Juan, Puerto Rico 00918
Tel: (787) 766-5656
Fax: (787) 766-6219
Email: david.o.martorani@usdoj.gov

s/ *Faiza Majeed*
ELIZABETH A. SINGER
Director
U.S. Attorneys' Fair Housing Program
FAIZA MAJEED
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
U.S. Department of Justice
150 M Street, NE
Washington, DC 20530
Phone: (202) 615-2684
Fax: (202) 514-1116
Email: faiza.majeed@usdoj.gov

Attorneys for Plaintiff
United States of America